IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

April 16, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

HEATHER N. COCHRAN          )   JEFFERSON COUNTY
                           )   03A01-9809-CV-00292
      Plaintiff-Appellee    )
                           )
                           )
      v.                    )   HON. RICHARD VANCE
                           )   JUDGE
                           )
RICHARD H. LOWE            )   AFFIRMED AS SUGGESTED
                           )   BY REMITTITUR
      Defendant-Appellant   )   and REMANDED


JAMES W. HARRISON OF MORRISTOWN FOR APPELLANT

P. RICHARD TALLEY OF DANDRIDGE FOR APPELLEE



O P I N I O N



                              Goddard, P.J.



      Richard H. Lowe appeals a judgment rendered against him
in favor of Heather N. Cochran in the total amount of $27,500.
He argues on appeal that Ms. Cochran, who was injured in a
vehicular accident with Mr. Lowe, did not introduce any proof to
show what her future drug expenses would be and, consequently,
the portion of the judgment allocated for that should be reduced
to $9000, the amount of future physician expenses she did prove
she would incur.

At the outset we note that there is a discrepancy between the special verdict returned by the jury and the judgment entered by the Court in that, although both assessed damages to be $27,500, the items comprising that amount in the special verdict form were $5000 for pain and suffering up to date of trial, $2500 for loss of past enjoyment of life, $5000 for medical expenses, and $15,000 for future medical expenses. The judgment entered, however, allocated the $27,500 as follows: $2500 for pain and suffering before trial; $5000 for medical expenses prior to trial, and $20,000 for future medical expenses.

In response to inquiry by the Court as to the foregoing discrepancy, counsel for Mr. Cochran contends that the judgment entered contained a clerical error and the $27,500 should be allocated as found in the special verdict. Counsel for Mr. Lowe conceded the special verdict of the jury should prevail under the authority of State v. Bouchard, 563 S.W.2d 561 (Tenn.Crim. App.1977). We accordingly will proceed to the disposition of this appeal based upon the figures found in the special verdict form.

With regard to future medical expenses, there is proof that Ms. Cochran will be required to continue visits to her psychiatrist for perhaps a period of four or five years, the total expense being approximately $9000. While there is proof that she would incur additional expenses for medicine, there is

2

no proof at all to suggest what that amount might be.  The only proof regarding future expenses for medicine is the following:

        Q.    Doctor, within reasonable medical certainty, what kind of future treatment will Ms. Cochran require for the conditions you have told the jury about?

        A.    In my opinion she will need continuing psychiatric treatment, predominately psychotherapy to educate her about her problems and how to manage them, and maintenance on anti-depressant medicines and tranquilizers.

        I think that in order for her to be comfortable and to keep her symptoms suppressed that she is going to need to remain on anti-depressant medicines indefinitely.

        Q.    Doctor, how long do you anticipate that the treatment you have said she will need, how long will that be necessary?

        A.    My experience with people who are conscientious and maintain on these medications is that the symptoms are slowly suppressed and over a period of three to five years, but where that individual has had symptoms for a long time it is more difficult to suppress the symptoms and they're more likely to come back.

        Q.    So Doctor, here with Ms. Cochran you're saying she will need psychiatric treatment, some psychotherapy sessions and medication for a three to five year period.  Could you tell or give the jury within reasonable medical certainty an estimate of what the expense would be for the psychiatric treatment and the psychotherapy for a three year period, a four year period and a five year period, approximately how much that would be in dollars for her care?

        A.    Not including medicines approximately $150.00 a month and for a five year period, and then thereafter she might need to maintain on these medications for a long time, but the frequency of treatment would become maintenance perhaps of seeing a psychiatrist once every three months.

For the foregoing reasons we are of the opinion that the judgment of $15,000 for future medical expenses is not supported by the proof, and suggest a remittitur in the sum of $6000, which reduces the future medical expenses to the $9000 proved.

In the event the Plaintiff does not accept the suggested remittitur within 30 days after the mandate is received and entered in the Trial Court, a new trial will be granted as to future medical expenses.

For the foregoing reasons the judgment of the Trial Court, as suggested by remittitur, is affirmed and the cause remanded for further proceedings not inconsistent with this opinion. Costs of appeal are adjudged against Ms. Cochran.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Charles D. Susano, Jr., J.


_____
Joseph M. Tipton, Sp.J.